## John T. Heath *v.* The State.

1. ACCOMPLICE TESTIMONY. — The evidence of one accomplice cannot be corroborated by that of another; and when, as in the present case, the inculpatory evidence consisted chiefly in the testimony of two accomplices, the jury should have been so instructed.

2. CHARGE OF THE COURT. — The law applicable to every legitimate deduction which the jury might draw from the evidence should be embodied in the instructions, no matter what opinion may be entertained by the court of the credibility of the evidence invoking the instruction. Therefore when in a trial for theft there was evidence tending to prove a *bonâ fide* purchase of the property by the accused, it was incumbent on the court to submit that issue in his charge; and an omission of this character, if excepted to at the time, is made error by an express provision of the Code of Criminal Procedure.

3. PRACTICE — "THE RULE." — Large as is the discretion of a trial judge over the conduct of an examination and the enforcement of the rule to sequester witnesses not on the stand, it is not an arbitrary discretion; nor is the statute on the subject merely directory, or simply suggestive. When the enforcement of the rule is requested by a defendant, proper practice is to require the consent of his counsel to any relaxation of it, even as to a witness already examined, until the conclusion of the testimony. See the opinion *in extenso* on this subject.

Appeal from the District Court of Kaufman. Tried below before the Hon. G. J. Clark.

Jointly with the appellant, the indictment charged D. C. Moore, B. B. Kaufman, and Buck Smith with the theft of a steer, the property of H. T. Nash. The two latter defendants were examined by the State, and the conviction was obviously attributable to their testimony, which implicated themselves at least as clearly as it did the appellant, who was alone upon trial. The statement of facts is quite lengthy, and a detail of the evidence is not deemed necessary to a clear comprehension of the rulings made. Appellant was found guilty by the jury, and his punishment assessed at two years in the penitentiary.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, and *Thomas W. Dodd,* for the State.

Clark, J. The instructions asked by the defendant, to the effect that a conviction cannot be had on the uncorroborated testimony of two accomplices, while not drawn with legal accuracy, should have been given by the court with proper corrections and additions. The prosecution was supported chiefly by two witnesses, who had been indicted jointly with the defendant, and who, from their own testimony, participated in the commission of the act for which the defendant was on trial.

The general charge of the court, upon this point, instructed the jury that a conviction could not be had upon the testimony of an accomplice, unless corroborated by other testimony tending to connect the defendant with the offence committed, and that the corroboration was not sufficient if it merely showed the commission of the offence; but as more than one accomplice had testified on the trial, it was important that the jury should have been informed that, in the

matter of corroboration, the testimony of one could not be invoked to aid the other, especially as the charge was excepted to and a counter-instruction asked to that effect. In the absence of such caution, the jury were not unlikely to found their verdict upon an illegal basis. *Roberts* v. *The State*, 44 Texas, 119; *Carroll* v. *The State*, 3 Texas Ct. App. 117.

As the evidence introduced by the State might tend to establish the theory that the defendant had in good faith bought the animal alleged to have been stolen, it was also incumbent upon the court, no matter what view he may have entertained as to the weight or value of the testimony, to have submitted that issue to the jury, a part of the law applicable to the case. The charg[e] [s]hould embody instructions applicable to every legitim[ate] deduction that the jury may draw from the evidence. *Johnson* v. *The State*, 27 Texas, 758; *Maria* v. *The St[ate]*, 29 Texas, 698; *Bishop* v. *The State*, 43 Texas, 390; *R[...]s* v. *The State*, 1 Texas Ct. App. 187. And in conne[ction] [...] therewith the identity, or want of identity, of the m[...] [...]r of the bill of sale in evidence, with the witness J. V[...] ker, should have been submitted to the jury, as a qu[estion] [...] of fact, under proper instructions.

The failure to give these special in[structions] asked by the appellant, and his exception to the general charge because it failed to state all the law applicable to the case, which exception was noted at the time, and duly saved by the bill of exceptions and assigned for error, requires a reversal of the judgment, in accordance with a plain statutory provision. Code Cr. Proc., art. 685; *Bishop* v. *The State*, 43 Texas, 390. These charges seem to have been refused because substantially given in the main charge; but upon a critical examination of the latter, we fail to find them embodied therein, either expressly or in substance.

While the law vests an enlarged discretion in trial judges as to the examination of witnesses and the enforcement of

the rule, when the same has been requested by either party, yet this discretion is not arbitrary ; nor is the statute giving the right merely directory, and to be disregarded at pleasure.   As said by this court in the case of *McMillan* v. *The State*, decided at a former day of this term, *ante*, p. 144 : " The right to enforce the rule is a right given by law, and it should neither be denied nor substantially abridged at the arbitrary discretion of the presiding judge."   Being a right guaranteed by law, a defendant should not, after a request for its enforcement, be deprived of its benefit, unless it should clearly appear that no possible injury could result to him from its relaxation.   These remarks are induced, not as condemnatory of the action of the court in this particular case, but for the purpose of calling attention to a provision inserted in our statutes for a wise purpose, and not as a mere suggestion to courts.   After the enforcement of the rule has been requested, the proper practice is to require the assent of counsel to the discharge of a witness from the rule before the conclusion of the testimony, and, in case of refusal, to enforce the rule, notwithstanding the particular witness may have been examined.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*